## Case No. 180.

### ALEXANDRIA v. BOWNE.

[1 Cranch, C. C. 124.][2]

Circuit Court, District of Columbia. June Term, 1803.

PLEADING—ISSUE—INFORMALITY.

If in an action of debt upon a bond with collateral condition, the entry of the pleadings be "covenants performed," "joined," the court will send the cause back to the rules as not being at issue.

At law. Debt on auctioneer's bond, for the penalty of $10,000, with a profert. On the back of the declaration is an indorsement in these words: "The plaintiff assigns for breach of the condition of the said bond in the declaration mentioned, this, to wit, that the said M. F. Bowne," &c., "have failed to pay to a certain Thomas Patton, the administrator of S. Wallace, deceased, £15. 9s. 8d. due and owing from them as vendue masters to the said Thomas Patton, as administrator as aforesaid, for the sales at vendue, of certain goods, wares, &c., deposited with the said Bowne, &c., in the year 1795, by the said S. Wallace, deceased, and by them sold at vendue as aforesaid." "Declaration filed April, 1802—May, rule plea—June, oyer of the bond and covenants performed, joined." The plea is not filed, but only noted on the minutes. There was no replication.

THE COURT sent the cause back to the rules after striking out the entry of issue joined.

KILTY, Chief Judge, absent.

## Case No. 181.

### ALEXANDRIA v. BROCKETT.

[1 Cranch, C. C. 505.][1]

Circuit Court, District of Columbia. July Term, 1808.

EVIDENCE—WITNESS—COMPETENCY—PLEADING.

1. Citizens of Alexandria are not competent jurors in an action of debt for the penalty of a by-law of the corporation. but are competent witnesses.

[Followed in Pomery v. Slacum, Case No. 11,262.]

2. A by-law, approved on the 27th of March, will not support an averment of a by-law passed on the 26th.

At law. Debt for the penalty of a by-law of the corporation of Alexandria, against burning oyster-shells on a brickkiln, without a license.

Mr. E. J. Lee, for defendant, objected to the jurors, because they were citizens of Alexandria, and the penalty enured to the benefit of the corporation; and cited Hanson v. Peircy, 1 Morgan, Essays, 280; Rex v. Carpenter, 2 Show. 47; City of London v. Unfree Merchants, Id. 146; 3 Bac. Abr. 252, tit. "Juries E;" Co. Litt. 154, 156, 157, 158a; Mellor v. Spateman, 1 Saund. 344.

Mr. Swann, contra, observed that in the case from Morgan's Essays, the litigation was between the corporation and a stranger, but here it is between the town and one of its citizens.

THE COURT overruled the objection, and also an objection by the defendant to the admission of J. Mandeville, a citizen of Alexandria, as a witness for the plaintiffs. 1 Lofft's Gilb. Ev. 240; Rex v. Mayor, etc., of London, 2 Lev. 231; Bull. N. P. 290; Trials per Pais, 385.

The jury found a verdict for the plaintiffs, subject to the opinion of the court, upon the competency of George Deneale and Joseph Mandeville, two of the citizens of Alexandria, as witnesses for the plaintiffs.

THE COURT, upon consideration, granted a venire facias de novo, upon the ground of the incompetency of citizens of the town as jurors; but were of opinion that they were competent as witnesses.

THE COURT also (DUCKETT, Circuit Judge, absent) refused to suffer a by-law, approved by the mayor of Alexandria on the 27th of March, to go in evidence to support the averment of a by-law passed on the 26th, which was the day on which it was passed by the common council.